UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEROY ROBBINS,

       Plaintiff,

       v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

       Defendant.

Civil No. 03-615-HA

ORDER

HAGGERTY, Chief Judge:

    On January 25, 2007, counsel for plaintiff Leroy Robbins submitted an Application for an Award of Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, *et seq.* This application was later amended and the subsequent Order that purported to award a stipulated amount of fees to plaintiff's counsel was vacated. Plaintiff's Amended Application [22] is now before the court and is opposed by the Commissioner.

1 - ORDER

Under 28 U.S.C. § 2412(d)(1)(A), except as otherwise specifically provided by a statute, a court shall award a prevailing party attorney fees and expenses unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Stated differently, a plaintiff is entitled to EAJA fees and expenses if (1) the plaintiff is a prevailing party; (2) the position of the Commissioner was not substantially justified; and (3) there are no special circumstances making an award unjust.

The Commissioner agrees for the purposes of considering the Amended Application that plaintiff may be construed as a prevailing party, and also acknowledges that there are no special circumstances that would render an award unjust. However, because the Commissioner believes his position was substantially justified, the Commissioner opposes a fee award.

The government has the burden to show that its conduct was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The Supreme Court has defined "substantially justified" as "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position in a remanded case is deemed to be substantially justified if the position had a reasonable basis both in law and fact with respect to the issue on which the court based its remand. *Matlock v. Barnhart*, 131 Fed. Appx. 597, 598 (9th Cir. 2005) (internal quotations and citations omitted).

In this case, in a split decision, the Ninth Circuit concluded that the ALJ erred in assessing the record testimony offered in support of plaintiff's disability claim because the ALJ failed "to properly account for the testimony of Robbins and his son." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). The majority believed that the ALJ erred in

2 - ORDER

evaluating plaintiff's credibility despite the fact that the determination was based upon objective medical evidence, conflicting statements by plaintiff about his use of alcohol, and the existence of medical opinions indicating that plaintiff could work. The majority also concluded that the ALJ erred in failing to evaluate an unsigned lay witness statement from plaintiff's son despite thorough analysis of other evidence in the record, including lay testimony from plaintiff's daughter and wife. *Id*. at 884-85.

Although the Ninth Circuit concluded that the ALJ's credibility finding was not supported by substantial evidence, the Commissioner's position defending the ALJ's ruling is nevertheless construed as substantially justified. *See Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir..2002); *see also Pierce*, 487 U.S. at 566 n.2 (1988) ("a position can be justified even though it is not correct").

The court notes that the Appeals Council, this court, and one member of the Ninth Circuit panel found the Commissioner's position meritorious. It is true that "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569. "Nevertheless, a string of losses can be indicative; and even more so a string of successes." *Id*. This court concludes that the ALJ's rulings, and the Commissioner's decision to defend those rulings, were supported by a reasonable basis in law and fact.

Specifically, the ALJ referred to inconsistent statements plaintiff made regarding his alcohol use. Tr. 337. The ALJ also recited additional substantial evidence that supported the evaluation of plaintiff's credibility, in accordance with established legal principles. The Commissioner's decision to defend the ALJ's evaluation of plaintiff's credibility was reasonable.

Similarly, the decision to defend the ALJ's failure to discuss unsigned statements made in 1998 by plaintiff's son as harmless error was reasonable. The ALJ addressed testimony provided by each of the witnesses who testified before him. Tr. 337-38. The plaintiff's daughter, Rhonda Heaps, provided testimony that paralleled the statements recorded from Rodney Robbins in 1998. Her testimony was deemed credible. Tr. 344. Accordingly, it was reasonable for the Commissioner to advance the position that even if Rodney Robbins' specific observations had been addressed, the ALJ's conclusions were still supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, plaintiff's Amended Application for Fees Pursuant to EAJA [22] is GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

IT IS ORDERED, ADJUDGED and DECREED that the plaintiff is granted judgment against defendant for expenses in the amount of $104.93 and costs in the amount of $92.03 for a total of $196.96. Plaintiff's request for attorney fees in the amount of $7,158.47 is DENIED.

IT IS SO ORDERED.

DATED this 25 day of June, 2007.

ANCER L. HAGGERTY
United States District Judge